**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MORNING STAR PACKING
COMPANY, a California Limited
Partnership; et al.,

        Plaintiffs-Appellants,

and

CLIFFSTAR CORPORATION,

        Plaintiff,

v.

LOS GATOS TOMATO PRODUCTS;
STUART WOOLF,

        Defendants-Appellees,

and

SK FOODS, L.P.; et al.,

        Defendants,

BRADLEY D. SHARP,

        Trustee,

No. 19-16649

D.C. No. 2:09-cv-00208-KJM-EFB

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted December 9, 2020
San Francisco, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[**] District Judge.

Plaintiff Morning Star appeals the district court's grant of summary judgment in favor of Defendants Los Gatos Tomato and Stuart Woolf (collectively "Los Gatos"). Morning Star argues that the district court improperly granted summary judgment on its Sherman Act and RICO claims by incorrectly weighing the evidence, improperly drawing inferences, and misapplying legal standards. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo the district court's grant of summary judgment. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 921 (9th Cir. 2015) (citation omitted). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

[**] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

2

Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477U.S. 242, 248 (1986).

1. To prove a claim under Section 1 of the Sherman Act, a plaintiff must show (1) the existence of a contract, combination, or conspiracy between two or more persons or entities, (2) intent to harm or restrain competition, and (3) actual restraint on competition. 15 U.S.C. § 1. The plaintiff must also "show more than a conspiracy in violation of the antitrust laws"; it must show an injury "resulting from the illegal conduct." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Consistent with *Matsushita*, the district court held that Los Gatos' price-fixing and market allocation conduct did not harm Morning Star, and did not support its Sherman Act claim. The conduct resulted in "higher than competitive prices," which made Morning Star's lower bids more competitive. Morning Star's only potentially viable claim was based on the bribery scheme.

The district court properly held that no evidence connects Los Gatos to the bribery scheme. Morning Star's argument that the district court failed to properly infer participation based on Woolf's knowledge of the scheme is meritless. Mere knowledge of a bribery scheme, without more, does not show that Los Gatos

participated in, or even acquiesced, in the scheme. "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Prima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ."). That Los Gatos continued to be a part of California Tomato Export Group ("CTEG") does not show participation in the bribery scheme. Morning Star had to provide evidence showing that Los Gatos consciously committed to joining the bribery scheme. *See Cty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1155–56 (9th Cir. 2001). Morning Star provided no such evidence.

The district court did not decide that members of the CTEG engaged in two different conspiracies, a CTEG conspiracy of all the members involving price fixing and market allocation and a conspiracy of only some of the members involving bribery. Rather, the court found that even if a separate bribery conspiracy existed, Morning Star's evidence did not make out a legally cognizable antitrust claim that Los Gatos was part of that conspiracy. This was a proper finding based on the evidence before the court.

2. Conspiring to violate RICO is a separate offense under 18 U.S.C. § 1962(d). "To establish a violation of section 1962(d), Plaintiffs must allege

either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

The district court correctly concluded that Morning Star's RICO conspiracy claim failed. The district court did not err by concluding that Morning Star failed to raise a genuine issue of material fact that the nature and scope of the CTEG conspiracy included bribery and Los Gatos intended to participate in it. The evidence Morning Star adduces, taken in the light most favorable to Morning Star, shows only that Los Gatos knew that an agent for SK Foods may have been involved in bribery, but there is no evidence that the CTEG conspiracy to raise prices for the benefit of all members included a conspiracy to bribe purchasing agents or that Los Gatos intended to participate in such a conspiracy.

We therefore affirm the district court's grant of summary judgment.

**AFFIRMED.**